```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                         DALLAS DIVISION
```

NDC INVESTMENTS LLC, et al.,      §
                                  §
                    Plaintiffs,   §
                                  § Civil Action No. 3:05-CV-2036-D
VS.                               §
                                  §
LEHMAN BROTHERS, INC., et al.,    §
                                  §
                    Defendants.   §

## MEMORANDUM OPINION AND ORDER

In this removed action, defendants move to transfer the case to the Southern District of New York under 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and in the interest of justice. For the reasons that follow, the court grants the motion.

I

This is lawsuit brought by plaintiffs NDC Investments LLC ("NDC Investments") and RT Investments 2001 LLC ("RT Investments"), who are both citizens of Florida and of Ireland,[1] and Nelson Civello, Patricia Civello, Ronald Tschetter, and Nancy Tschetter, who are citizens of Florida.[2] They filed suit in Texas state court

---

[1] NDC Investments and RT Investments are limited liability companies whose citizenship is determined by the citizenship of their members. *See, e.g., DTC Telecom, L.L.C. v. ISP Techs., Inc.*, 2002 WL 31553932, at *1 n.1 (N.D. Tex. Nov. 15, 2002) (Fitzwater, J.). NDC Investments and RT Investments have two members each—a citizen of Florida and a citizen of Ireland. *See* Am. Notice of Removal ¶¶ 6-7. Accordingly, for purposes of determining diversity of citizenship, NDC Investments and RT Investments are citizens of Florida and of Ireland.

[2] *See* Am. Notice of Removal ¶ 4.

against defendants Lehman Brothers, Inc. and Lehman Brothers Commercial Corporation (collectively, "Lehman Brothers"), both of whom are Delaware corporations with their principal places of business in New York,[3] and Bruce Brier ("Brier"), a citizen of New York.[4] Plaintiffs allege that defendants promoted a tax strategy involving foreign currency option contracts that purportedly enabled plaintiffs to realize substantial tax savings. After the Internal Revenue Service disallowed their claimed losses, plaintiffs filed this lawsuit asserting claims for breach of fiduciary duty, fraud, negligent misrepresentation, and breach of contract, and seeking a declaratory judgment.

Defendants removed the case based upon diversity of citizenship, and they now move to transfer it to the Southern District of New York under § 1404(a).[5]

---

[3]*See id.* at ¶ 3.

[4]*See id.*

[5]Also pending are defendants' motion to dismiss under Rules 9(b) and 12(b)(6) and Brier's motion to dismiss under Rule 12(b)(2). These motions must be presented to the transferee court. *See Painewebber Inc. v. Chase Manhattan Private Bank (Switz.)*, 260 F.3d 453, 460 n.7 (5th Cir. 2001) ("[A] court may transfer a case even though it lacks personal jurisdiction.") (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962)); *Fowler v. Broussard*, 2001 WL 184237, at *1 n.1 (N.D. Tex. Jan. 22, 2001) (Fitzwater, J.) (declining to reach motion to dismiss under Rule 12(b)(6) "in accordance with its usual procedure, . . . and instead leaves this substantive motion for decision by the transferee court").

II

Section 1404(a) provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).[6] "The decision to transfer is made to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Bank One, N.A. v. Euro-Alamo Invs., Inc.*, 211 F.Supp.2d 808, 811 (N.D. Tex. 2002) (Fitzwater, J.) (citing *Stabler v. N.Y. Times Co.*, 569 F. Supp. 1131, 1137 (S.D. Tex. 1983)).

When deciding a motion to transfer under § 1404(a)

> [t]he court considers several factors in their totality, including (1) plaintiff's choice of forum; (2) the availability of compulsory process for the attendance of unwilling witnesses; (3) the cost of obtaining the attendance of willing witnesses; (4) the accessibility and location of sources of proof; (5) the relative congestion of the courts' dockets; (6) the accessibility of the premises to jury view; (7) the relation of the community in which courts and the jurors are required to serve to the occurrence giving rise to the suit; and (8) the time, cost, and ease with which the trial can be conducted, and all other practical considerations relative to the trial and determination of the case.

*Id.* at 811-12 (citing *Fletcher v. S. Pac. Transp. Co.*, 648 F. Supp.

---

[6]It is undisputed that this case could have been brought in the Southern District of New York.

1400, 1401 (E.D. Tex. 1986); *Greiner v. Am. Motor Sales Corp.*, 645 F. Supp. 277, 278 (E.D. Tex. 1986)).

"The moving parties bear the burden of proving by a preponderance of the evidence that transfer is appropriate. This requires a particularized showing regarding why transfer is necessary, including identification of key witnesses and the general content of their testimony." *Id.* at 812 (citations omitted). The court may not transfer a case where the result is merely to shift inconvenience of the venue from one party to the other. *Fowler v. Broussard*, 2001 WL 184237, at *6 (N.D. Tex. Jan. 22, 2001) (Fitzwater, J.) (citing *Enserch Int'l Exploration, Inc. v. Attock Oil Co.*, 656 F. Supp. 1162, 1167 n.15 (N.D. Tex. 1987) (Fitzwater, J.)).

III

The court now considers the factors that guide its decision.

A

Generally, plaintiffs' choice of forum is entitled to substantial weight and should be highly esteemed. *Enserch*, 656 F. Supp. at 1167 n.15. But "the weight to be accorded may be diminished when a plaintiff brings suit outside his home forum." *Kettler v. Presstek, Inc.*, 2003 WL 21788870, at *2 (N.D. Tex. July 31, 2003) (Fitzwater, J.) (citing *Alexander & Alexander, Inc. v. Donald F. Muldoon & Co.*, 685 F. Supp. 346, 349 (S.D.N.Y. 1988)). Plaintiffs are citizens of Florida and Ireland, and their home

forum is not located in the Northern District of Texas. *See* 28 U.S.C. §§ 89, 124(a).

Moreover, "'the plaintiff's choice of forum has reduced significance where most of the operative facts occurred outside the district.'" *Baxa Corp. v. ForHealth Techs., Inc.*, 2006 WL 680503, at *2 (N.D. Tex. Mar. 15, 2006) (Fitzwater, J.) (quoting *Minka Lighting, Inc. v. Trans Globe Imps., Inc.*, 2003 WL 21251684, at *1 (N.D. Tex. May 23, 2003) (Fish, C.J.)). Most of the events giving rise to this lawsuit occurred in New York: defendants made the alleged misrepresentations about the tax strategy in New York, the legal opinion that supposedly afforded plaintiffs a shield for engaging in the strategy was formulated in New York, and the option contracts forming the basis for the strategy were performed in New York. Plaintiffs point to no events that occurred in Texas or outside New York.

The court holds that the first factor is entitled to reduced significance because Texas is not plaintiffs' home forum and the allegations center around conduct that occurred in New York.[7]

---

[7]Plaintiffs contend the location of their counsel favors denying the motion to transfer because counsel are located in the Northern District of Texas. The court has consistently cited Judge Sanders' opinion in *Young v. Armstrong World Industries, Inc.*, 601 F. Supp. 399, 402 (N.D. Tex. 1984) (Sanders, J.) ("convenience of counsel is not an appropriate consideration"), to hold that the location of counsel is not a factor in the § 1404(a) equation. *See, e.g., Wise v. CB Richard Ellis, Inc.*, 2003 U.S. Dist. LEXIS 22597, at *18 (N.D. Tex. Dec. 9, 2003) (Fitzwater, J.); *see also In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004) (per curiam) ("The word 'counsel' does not appear anywhere in § 1404(a), and the

B

The court next considers the availability of compulsory process for the attendance of unwilling witnesses.

Defendants maintain that all the non-party witnesses are outside the subpoena power of this court under Rule 45 and that several are subject to compulsory process in the Southern District of New York. They have identified four such witnesses whose testimony will be required at trial and who they assert may be unwilling to testify: the Diversified Group, Inc. ("DGI"), James Haber ("Haber") of DGI, Refco Capital Markets, Ltd. ("Refco"), and R.J. Ruble, Esquire ("Ruble") of the law firm of Brown & Wood (now Sidley Austin LLP).

Defendants maintain that, absent compulsory process, these witnesses would be unwilling to testify, because they are alleged to have committed wrongdoing and contributed to plaintiffs' damages. This assertion is supported in the record. Assuming *arguendo* that plaintiffs' allegations are true, these witnesses may be subject to legal liability or professional disciplinary measures based on their testimony. For instance, plaintiffs aver that Refco retained fees paid by plaintiffs without advising them that plaintiffs "had as good of a chance of winning the lottery as they had of earning a profit" on the option contracts and that Refco's

---

convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a)." (citing *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003))).

- 6 -

contracts were "rigged." Compl. ¶¶ 20-21, 35. This factor weighs in favor of transferring the case.

C

The court now considers the cost of obtaining the attendance of willing witnesses.

"'The convenience of the witnesses is often regarded as the most important factor to be considered in deciding whether to transfer venue. However, it is the convenience of the non-party witnesses that is accorded the greatest weight.'" *Sargent v. Sun Trust, N.A.*, 2004 WL 1630081, at *3 (N.D. Tex. July 20, 2004) (Fitzwater, J.) (quoting *Minka Lighting*, 2003 WL 21251684, at * 2). Because defendants bear the burden of proving that the case should be transferred, they must identify the "key witnesses and the general content of their testimony." *Bank One*, 211 F. Supp.2d at 812 (citations omitted).

1

Defendants point to seven non-party witnesses identified in the complaint as playing a key role in the events underlying this lawsuit. They direct the court to the specific allegations related to each non-party witness, thereby fulfilling their obligation to identify the general content of the witnesses' testimony. Defendants maintain that none is located in Texas and that four—specifically DGI, Haber, Refco, and Ruble—are located in New York. They further contend that transferring the case to the Southern

District of New York is more or equally as convenient for the remaining three non-party witnesses—the law firm of Brown & Wood, Helios Financial, LLC ("Helios"), and Alpha Consultants ("Alpha"). Although Brown & Wood is headquartered in Chicago, the principal actors involved in this dispute operated out of its New York office. As to Alpha, its sole member resides in Connecticut, although certain employees are located in Florida. Helios is located in Chicago.

Defendants also contend that all the Lehman Brothers' officers and employees alleged to have knowledge of the underlying events, including Brier, are located in Lehman Brothers' New York office. Moreover, none of the plaintiffs is located in Texas.

2

Plaintiffs counter that the Southern District of New York "may *not* be more convenient for the witnesses and parties because of the simultaneous litigation" occurring in *Brooks v. Lehman Brothers, Inc.*, No. 5:05-CV-160 (E.D. Tex. Aug. 19, 2005). Ps. Br. 7. In fact, plaintiffs virtually concede in their brief that, but for the pendency of *Brooks*, this case should not remain in this forum.

> The Plaintiffs concede that when the Motion to Transfer . . . [is] analyzed only through the prism of the present action, the applicable determinative factors appear to weigh in favor of granting th[e] motion[ ]. However, if this case is considered in conjunction with a nearly identical action filed only three days earlier [*Brooks*], the determinative factors weigh in favor of denial . . . ."

- 8 -

*Id.* at 1. They contend that because some witnesses and parties will be appearing in Texas for depositions, hearings, and trials in *Brooks*, the convenience of the witnesses does not favor transfer.

So far as the court can determine, it has not yet had occasion to address a similar argument in another case. The parties point to no instances where other courts, in deciding § 1404(a) transfer motions, have considered related litigation pending in an adjacent district when evaluating the costs and convenience to witnesses. Judges of this court have of course considered the impact of pending related litigation in transferring a case as it relates to judicial economy and duplicative judgments. *See, e.g., DataTreasury Corp. v. First Data Corp.*, 243 F.Supp.2d 591, 595 (N.D. Tex. 2003) (Kaplan, J.) (considering related pending case where "there is a prior pending lawsuit in the transferee district involving the same facts, transactions, or occurrences").[8]

---

[8]Plaintiffs do not contend that the "first-to-file" rule applies. *See Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603-06 (5th Cir. 1999) (describing "first-to-file" rule as providing that when related cases are pending before two federal courts, court in which case was last filed may refuse to hear it if issues raised by cases substantially overlap); *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971) (same). Indeed, such a contention would be misplaced, because that doctrine is concerned with consolidating cases before a single court "'to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.'" *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (quoting *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985)). Plaintiffs are not seeking consolidation of related litigation (indeed, plaintiffs' counsel filed this and the *Brooks* lawsuits in two different districts) but rather are attempting to keep separate lawsuits geographically

It is conceivable that, as plaintiffs suggest, by coordinating deposition schedules and other discovery, costs could be saved and the convenience of the parties and witnesses promoted. Even so, the convenience of most of the parties and witnesses will be enhanced if this case is litigated in New York. Moreover, defendants contend there are several outstanding motions to dismiss in *Brooks*. It is thus not clear at this time whether *Brooks* will proceed to the stage where parties and witnesses will be required to appear in Texas.

3

Accordingly, the presence of several non-party witnesses in New York whose testimony appears germane and essential, and the facts that several parties are located in New York and that no witnesses (non-party or otherwise) are located in Texas, weighs in favor of transferring the case to the Southern District of New York. Alternatively, even assuming *arguendo* that this factor is neutral or weighs against transfer because of related pending litigation in an adjacent district, this does not alter the court's ultimate disposition. When assessed together, the factors favor transferring the case.

---

proximate to each other.

D

The court next addresses the accessibility and location of sources of proof. Defendants maintain that all of Lehman Brothers' documents and records that are pertinent to this case are located in New York. They also contend that plaintiffs' documents are in Florida and Illinois, and "those documents can be shipped to New York just as easily as Texas." Ds. Mot. 9. They have adduced no evidence, however, concerning the volume of documents or the difficulty in transporting them to this district for pretrial discovery or for trial. This factor is therefore neutral. *See, e.g., Wise v. CB Richard Ellis, Inc.*, 2003 U.S. Dist. LEXIS 22597, at *17 (N.D. Tex. Dec. 9, 2003) (Fitzwater, J.) (holding that factor was neutral where movants had not clearly demonstrated number and volume of documents and records); *Kettler*, 2003 WL 21788870, at *3 (same).

E

The next factor is the relative congestion of the courts' dockets. Plaintiffs contend that the average length of time from filing to trial for civil cases in the Southern District of New York is 1.3 months longer than in the Northern District of Texas.[9]

---

[9]Plaintiffs also contend that there are over 2,600 civil cases that are more than three years old pending in the Southern District of New York whereas there are only 49 such cases in the Northern District of Texas. The court finds that the length of time between filing and trial to be more indicative of the congestion factor than is this statistic.

This difference is immaterial, and this factor is neutral in the court's analysis. *See Sargent*, 2004 WL 1630081, at *4 (holding 1.5 month difference immaterial).

F

The court now addresses the accessibility of the premises to jury view, the time, cost, and ease with which the trial can be conducted, and all other practical considerations relative to the trial and determination of this case.

Defendants does not present any evidence of a need for accessibility of the premises to jury view, and it would be rare for this court to conduct a jury view in any event. Nor have defendants demonstrated that the case should be transferred based on considerations of time, cost, and ease with which the trial can be conducted.

Because both sides agree, however, that New York law will apply, the court will give weight to the fact that the dispute is governed by New York law. *Sargent*, 2004 WL 1630081, at *5 (citing *Laumann Mfg. Corp. v. Castings USA, Inc.*, 913 F. Supp. 712, 721-22 (E.D.N.Y. 1996)). "'There is an appropriateness . . . in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.'" *Id.* (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 645 (1964)). Because New York law governs, this factor weighs

in favor of transferring the case.

G

The court now considers the relation of the community in which the courts and the jurors are required to serve to the occurrence giving rise to the suit. Defendants maintain that New York has a strong interest in this litigation because all the events giving rise to it occurred in New York, New York law governs, and most of the parties and witnesses are located there.[10] The court finds that this case lacks any real connection to Texas. It thus concludes that the interest of New York citizens is greater and that this factor weighs in favor of transferring the case.

IV

Having weighed the factors together, the court finds, for the convenience of the parties and witnesses and in the interest of justice, that this case should be transferred.

---

[10]In a footnote, plaintiffs contend that Texas has an interest the outcome of this case because several cases pending in Texas courts involve the "identical or similar financial and tax related strategies and transactions." Ps. Br. 6 n.15. The court rejects this contention. The fact that Texas courts are deciding unrelated disputes is insufficient of itself, or in combination with the other factors, to retain the case here. *Cf. Watkins v. Crescent Enters., LLC*, 314 F.Supp.2d 1156, 1162 (N.D. Okla. 2004) (declining to transfer case to South Carolina, notwithstanding several pending lawsuits in South Carolina state courts involving overlapping claims and at least some of same parties, because it would not significantly change allocation of judicial resources or duplication of effort since number of pending lawsuits would not change).

\* \* \*

For the reasons set out above, the court grants defendants' December 9, 2005 motion to transfer,[11] and this case is transferred to the Southern District of New York. The clerk of court shall effect the transfer according to the usual procedure.

**SO ORDERED.**

July 21, 2006.

                                              _____
                                              SIDNEY A. FITZWATER
                                              UNITED STATES DISTRICT JUDGE

---

[11]Briefing on this motion concluded on April 24, 2006.

- 14 -